UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBYN A. YNFANTE,

                Plaintiff,

   - against -

GOOGLE LLC,

                Defendant.

22-cv-6831 (JGK)

ORDER

---

**JOHN G. KOELTL, District Judge:**

    This Court gave the pro se plaintiff an opportunity to file an amended complaint, ECF No. 18, and the plaintiff filed an amended complaint on October 21, 2022, ECF No. 19. Thereafter, on June 1, 2023, the Court granted the defendant's motion to dismiss but granted the plaintiff the opportunity to move to file an amended complaint within 30 days explaining how the second amended complaint would resolve the defects in the amended complaint. ECF No. 28. The Court noted that if the plaintiff failed to file such a motion, the action would be dismissed with prejudice. Id. The plaintiff failed to file such a motion, and the Court directed that the action be dismissed with prejudice. ECF No. 29. The Clerk entered the judgment of dismissal with prejudice on July 11, 2023. ECF No. 30. Thereafter, the plaintiff filed a notice of appeal on August 9, 2023, ECF No. 32, and this Court denied two motions to proceed in forma pauperis in the Court of Appeals, ECF Nos. 33 and 37, because no such appeal would be taken in good faith. ECF Nos. 35 and 39.

It appears that there is an open application that the plaintiff filed on July 28, 2023, in which the plaintiff explains why he could not "answer on time" and explains that he "would [respond] . . . give[n] . . . the opportunity to do so." ECF No. 31. To the extent that this is a motion for reconsideration, the motion is **denied** because the plaintiff has failed to present any valid reasons for the Court to reconsider its decision dismissing the first amended complaint or determining that the dismissal should be with prejudice when the plaintiff failed to move to file a second amended complaint within thirty days of the dismissal of the first amended complaint. See In re Facebook, Inc., IPO Sec. & Derivative Litig., 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) ("[T]he standard of review applicable to . . . a motion [for reconsideration] is 'strict.' . . . The burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion, and that might 'materially have influenced its earlier decision.'"), aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC, 841 F.3d 122 (2d Cir. 2016). To the extent that this document is a request for more time to move to file a second amended complaint, the request is **denied.** The time to seek more time was before the time to move expired, not after the time expired, and the plaintiff does not explain why the plaintiff could not have filed the instant request at that time.

Accordingly, the July 28, 2023 request is **denied**. The Clerk is directed to close ECF No. 31.

**SO ORDERED.**

Dated:   New York, New York
         January 10, 2024

                                    _____
                                         John G. Koeltl
                                    **United States District Judge**

3